# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. MILES,<br><br>        Petitioner,<br><br>   v.<br><br>MENDOZA-POWERS, Warden<br><br>        Respondent.<br>_____/ | CV F   07-00712 SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[Doc. 13] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 17.)

## BACKGROUND

     On April 1, 2003, Petitioner was convicted of lewd and lascivious acts with a child under 14 years of age.  Petitioner was sentenced to a determinate state prison term of eight years. (Lodged Doc. No. 1.)  He did not file a direct appeal from the judgment.

     Petitioner subsequently filed twelve pro se state post-conviction collateral petitions.

     The first petition was filed on June 30, 2003, in the Kings County Superior Court, which was denied on July 9, 2003.  (Lodged Doc. Nos. 2-3.)

     The second petition was filed on August 21, 2003 in the California Court of Appeal, Fifth Appellate District, and denied on September 11, 2003.  (Lodged Doc. Nos. 4-5.)

     On November 17, 2003, Petitioner filed a petition in the Kings County Superior Court, which was denied on January 29, 2004.  (Lodged Doc. Nos. 6-7.)

     On February 19, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District.  (Lodged Doc. No. 8.)  The petition was

1

denied on February 26, 2004.  (Lodged Doc. No. 9.)

On March 29, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on March 2, 2005.  (Lodged Doc. Nos. 10-11.)

On March 10, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was denied on March 16, 2006.  (Lodged Doc. Nos. 12-13.)

On May 1, 2006, Petitioner filed another petition for writ of habeas corpus in the Kings County Superior Court, which was denied on May 5, 2006.  (Lodged Doc. Nos. 14-15.)

On May 24, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was denied on June 8, 2006.  (Lodged Doc. Nos. 16-17.)

On July 17, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on February 7, 2007.  (Lodged Doc. Nos. 18-19.)

On March 12, 2007, Petitioner filed yet another petition for writ of habeas corpus in the Kings County Superior Court, which was denied on March 19, 2007.  (Lodged Doc. Nos. 20-21.)

On April 6, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was denied on April 19, 2007.  (Lodged Doc. Nos. 22-23.)

On May 29, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on October 10, 2007.  (Lodged Doc. Nos. 24-25.)

Petitioner filed the federal petition for writ of habeas corpus on May 14, 2007.  (Court Doc. 1.)  Respondent filed the instant motion to dismiss on November 13, 2007, and Petitioner filed an opposition on November 29, 2007.  (Court Docs. 13, 16.)

## DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing § 2254

Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(b)'s proscription against successive petitions and 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Successive Petition

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

1         Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by
2  this section is filed in the district court, the applicant shall move in the appropriate court of
3  appeals for an order authorizing the district court to consider the application." In other words,
4  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
5  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must
6  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
7  to file the petition because a district court lacks subject-matter jurisdiction over a second or
8  successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.
9  Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v.
10 United States, 96 F.3d 990, 991 (7th Cir. 1996).

11        A second or successive petition for habeas corpus is not considered "successive" if the
12 initial habeas petition was dismissed for a technical or procedural reason versus on the merits.
13 See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not
14 successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.
15 Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the
16 claim raised in the first petition was dismissed by the district court as premature.)

17        Petitioner previously filed a federal petition for writ of habeas corpus in this Court on
18 October 21, 2005, challenging the same conviction and sentence.  That petition is fully briefed
19 and awaiting a ruling on the pending motion to dismiss based on a violation of the statute of
20 limitations.  See Miles v. Espinoza, case number 1:05-CV-01327 LJO WMW HC.

21        In the first federal petition, Petitioner raises the following two claims: (1) the trial court
22 failed to enter in the minutes the reason for the dismissal of the charges in case number
23 02CM4721 which made the dismissal invalid and in the alternative prejudiced him once the
24 charges were re-filed and assigned case number 03CM0301 by denying him his right to a speedy
25 trial, and (2) his trial counsel had a conflict of interest as counsel's loyalties were to the
26 prosecution and counsel provided ineffective assistance due to a myriad of errors.

27        In the present petition, Petitioner raises the following new and different claims: (1) the
28 judge erred by intervening in the plea negotiations by sentencing Petitioner to eight years instead

of the six years agreed upon; (2) the trial court violated the terms of the plea agreement by sentencing Petitioner to eight years instead of the six years agreed upon; (3) the trial court imposed the upper term sentencing without factual findings either admitted to by Petitioner or found true by a jury; and (4) the trial court failed to provide a statement on why it imposed the upper term. Because Petitioner did not raise any of these same claims in the prior federal petition challenging the *same* conviction, the instant petition is successive under 28 U.S.C. § 2244(b)(2). See Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction."). Although a motion to dismiss is currently pending in the first action, and a decision on the merits has not yet been rendered, disposition of the original claims is not needed to trigger the requirement authorization from the court of appeals is necessary in order to raise new claims challenging the *same* conviction. Finality of disposition of original claims is not needed to trigger the requirement that authorization from the court of appeals be sought to in order to raise new claims. Any holding that a second petition is not successive under these circumstances would circumvent Rules 15 and 60 of the Federal Rules of Civil Procedure. See Ochoa v. Sirmons, 485 F.3d 538, 539-541 (10th Cir. 2007). In his opposition, Petitioner claims that the instant petition is addressing a sentence violation, and not challenging the conviction itself. (Opposition, at 2.) Petitioner cites the United States Supreme Court's holding in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Petitioner's claim is without merit. First, whether Petitioner characterizes his claim as challenging the conviction or sentence, it is nonetheless challenging the *same* judgment. Second, Blakely does not apply retroactively to cases, like the instant one, on collateral review. See Schardt v. Payne, 414 F.3d 1025 (9th Cir.2005) (which held that Blakely does not apply retroactively to cases on collateral review.).

As previously stated, a second or successive petition may not be filed in the district court unless Petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained

1  such an order from the Ninth Circuit Court of Appeals.  Accordingly, the instant petition must be
2  dismissed, without prejudice, to re-filing if Petitioner obtains the necessary order. Cooper v.
3  Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (district court lacks jurisdiction to consider merits
4  of second or successive petitions).  Even if the instant petition is not successive, as discussed
5  *infra*, it is barred by the one-year statute of limitations.

6  C.    Limitation Period for Filing a Petitioner for Writ of Habeas Corpus

7         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
8  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for
9  writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117
10 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert.*
11 *denied,* 118 S.Ct. 586 (1997).

12        In this case, the petition was filed on February 17, 2006, and therefore, it is subject to the
13 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
14 seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As
15 amended, § 2244, subdivision (d) reads:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1 In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner did not appeal the judgment of April 1, 2003. Therefore, pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not file a notice of appeal his direct review concluded on May 31, 2003, sixty (60) days after the time for filing an appeal expired. Thus, Petitioner had one year from June 1, 2003, in which to file his federal Petition for Writ of Habeas Corpus. See Kelly, 127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Thus, the last day to file a federal petition was on May 31, 2004, plus any time for tolling.

D.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court rejected the Ninth Circuit's view that where a state court denies the petition on both procedural grounds and on the merits, the fact that the state court addressed the merits warranted tolling under § 2244(d)(2). The Supreme Court stated:

> Given the variety of reasons why the California Supreme Court may have included the words "on the merits," those words cannot by themselves indicate that the petition was timely. And the Ninth Circuit's apparent willingness to take such words as an absolute bellwether risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts. . . . The Ninth Circuit's rule . . . threatens to undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.

Saffold, 536 U.S. at 226 (citations omitted.) The Supreme Court also emphasized that only a "timely" appeal tolls the AEDPA's statute of limitations period, and that "unreasonable" delays are not "timely." Id. at 214. In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the

federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 126 S.Ct. 846, 852 (2006). However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination. Id.

       1.     <u>Limitations Period That Lapsed Before State Collateral Actions Filed</u>

As previously stated, the limitations period commenced running on June 1, 2003. It continued to run until June 20, 2003, the date the first state post-conviction petition was filed.[1]

       2.     <u>Tolling During Period First and Second Petition were Pending in State Court</u>

Respondent does not argue that the first and second petitions were improperly filed, and Petitioner is entitled to tolling during the pendency of these two petitions. Respondent concedes that Petitioner is entitled to interval tolling, and therefore the limitations period was tolling from June 20, 2003 (date first petition filed under mailbox rule), through September 11, 2003 (date second petition was denied), for a total of 84 days. (Lodged Doc. Nos. 2-5.)

       3.     <u>No Tolling for Period Between Denial of Second Petition and Filing of Third Petition</u>

The limitations period is tolling during intervals between dispositions of state collateral actions and the filing of a subsequent collateral action at the next state appellate level. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-1007 (9th Cir. 1999); <u>see</u> <u>also</u> <u>Delhomme v. Ramirez</u>, 340 F.3d 817, 821 n.3 (9th Cir. 2003); <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003); <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001).[2] Here, as Petitioner filed his second petition for writ of habeas corpus in the California Court of Appeal and then proceeded downward by filing his third and

---

[1] The first state petition contains a proof of service dated June 20, 2003. (Lodged Doc. 2.) Pursuant to Rule 3(d) of the Rules Governing Section 2254 Proceedings, documents submitted to the district court by confined inmates are deemed filed on the day they are deposited in the institution's internal mailing system. See <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court). The Ninth Circuit Court of Appeals held in <u>Saffold v. Newland</u>, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

[2] Although in <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005), the Ninth Circuit permitted tolling even though the petitioner had failed to proceed in an orderly fashion to the next highest appellate state court, that decision was later withdrawn. <u>See</u> 417 F.3d 1050, <u>amended</u> 447 F.3d 1165 (9th Cir. 2006).

next petition in the Kings County Superior Court, he was not ascending up the state court hierarchy as required by Nino.  (Lodged Doc. Nos. 4, 6.)  Nino v. Galaza, 183 F.3d at 1006-1007; Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. 2001) (declined interval tolling between successive superior court petitions); Dils v. Small, 260 F.3d at 986 (no tolling between successive petitions).  Consequently, Petitioner is not entitled to interval tolling for the 62 days that elapsed between the denial of the second action on September 11, 2003, and the filing of the third action under the mailbox rule on November 13, 2003.[3]  (Lodged Doc. Nos. 7-8.)  Accordingly, 81 days of the 365 day limitation expired at this point.

    4.  Tolling for Period Between Filing of Third Petition and Filing of Fifth Petition

It is questionable whether the third and fourth petitions serve to toll the limitations period.  Respondent argues that by citing to In re Clark, 5 Cal.4th 750 (1993), the state courts denied the petitions as untimely.  (Lodged Doc. Nos. 7, 9.)  However, in denying the petitions, the state courts cited to In re Clark, 5 Cal.4th at 767-768.  Although Clark discusses the timeliness procedural bar; it also discusses the problems of piecemeal and/or repetitious habeas petitions.  See Clark, 5 Cal.4th at 767-770.  Here, the portion of the Clark opinion cited by the state courts discusses the latter problem, and not untimeliness.  In making its argument, Respondent cites only an isolated portion of the Kings County Superior Court's opinion, which states that "a habeas petitioner generally must raise all of his habeas claims in one timely filed habeas petition."  (Lodged Doc. No. 7.)  However, a review of the entire opinion supports the finding that it was denied for presenting a piecemeal and/or repetitious petition.  The court specifically stated that in bringing that petition:

> [Petitioner] "either raises the same claims that he raised in his original Petition for Writ of Habeas Corpus (03W 0095A) filed on June 30, 2003, or raises slightly new grounds for relief in the new Petition for Writ of Habeas Corpus filed on November 17, 2003 (03 W 0095B).  This Court denied the original petition for Habeas Corpus (03 W 0095A) on July 9, 2003.

---

[3] As Respondent submits, the third petition contains a proof of service dated October 4, 2003, forty days before it was file stamped by the superior court.  To address the disparity in the signature date and date of filing, Respondent obtained a copy of Petitioner's outgoing mail log.  The mail log reflects that the petition was mailed to the superior court on November 13, 2003, just four days before it was file stamped by the superior court.  Accordingly, as does Respondent, the Court assumes that November 13, 2003, is the date of filing.

9

> A Habeas Petitioner may not abuse the writ by alleging the same claims in subsequent habeas corpus petitions. In re Clark (1993) 5C4th [sic] 750 797 [sic]. Further the Court will not consider a successive petition that realleges claims that previously have been rejected. In re Clark, 5 Cal 4th 750, 767.
> Finally, a habeas petitioner generally must raise all of his habeas claims in one timely filed habeas petition. Penal Code Section 1475; In re Clark (supra)[.] In so far [sic] as Petitioner here has alleged slightly new and different grounds for relief, the Petition is denied as an abuse of the writ. In re Clark (supra) 5 Cal 4th at page 797.

(Lodged Doc. No. 7.)

Based on the language contained in the Superior Court's order and subsequent Court of Appeal's order citing the same pages of the Clark opinion, the Court does not find that Respondent's argument that the petition was denied as untimely persuasive. However, as Respondent submits, even if Petitioner is given the benefit of tolling for the time these petitions were pending, as well as interval tolling, for the reasons explained *infra*, the instant petition is still untimely. Accordingly, the limitations period tolled from November 13, 2003 through March 17, 2004, a total of 124 days.

### 5. Tolling During Pendency of Fifth Petition in State Court

Respondent does not argue that the fifth petition was improperly filed, and Petitioner is entitled to tolling during the pendency of that petition. More specifically, Petitioner is entitled to tolling from March 17, 2004 (date fifth petition was filed under mailbox rule) through March 2, 2005 (date fifth petition was denied), a total of 351 days. (Lodged Doc. Nos. 10-11.)

### 6. No Tolling for Period Between Denial of Fifth Petition and Filing of Sixth Petition

Respondent argues that Petitioner is not entitled to statutory tolling between the denial of the fifth petition and the filing of the sixth petition because the sixth petition started a new round of challenges, and there was an unreasonable delay before filing that petition. Respondent's arguments are persuasive.

There is no tolling for the period between sets of state habeas petitions, i.e., the gap between the conclusion of a first series of filings that proceed up the state court hierarchy and the beginning of a second series. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (limitation period not tolled during between first set of state habeas petitions); see also Hizbullahankhamon

v. Walker, 255 F.3d 65, 71-72 (2d Cir. 2001) (same).  Accordingly, because Petitioner's first round concluded once the California Supreme Court denied the fifth petition on March 2, 2005, the sixth petition started a new round of challenges, and Petitioner is not entitled to interval tolling for this time.  (Lodged Doc. Nos. 11-12.)

A state application is "pending" between a lower court's denial of relief and filing in the higher court is timely under state law.  Carey v. Saffold, 536 U.S. at 214.  Petitioner unreasonably delayed by filing his sixth petition on March 4, 2006, 366 days after the denial of the fifth petition on March 2, 2005.  As stated herein, in Evans v. Chavis, 546 U.S. at 201, the Court found that after the California Court of Appeal denied has relief, there was n unjustified delay of at least six months before Chavis filed a habeas petition in the California Supreme Court.  "Six months," said the Court, "is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court.  Carey v. Saffold, at 219."  Chavis, 546 U.S. at 201; see also Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D. Cal. 2007) (8 month delay unreasonable and tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable).  Accordingly, an additional 366 days elapsed before the sixth petition was filed, and the limitations period expired on December 12, 2005.

7.      End of Limitations Period

To recap, the statute of limitations commenced on June 1, 2003.  Nineteen days lapsed before the first petition was filed, 62 days passed between the denial of the second petition and the filing of the third petition, and 366 days expired between the denial of the fifth petition and the filing of the sixth petition.  The statute of limitations expired on December 12, 2005, after receiving the benefit of 559 days of tolling.  Petitioner did not file the instant petition until May 14, 2007, well after the limitations period expired.

8.      Subsequent Collateral Petitions Filed

The sixth through twelfth petitions do not serve to toll the limitations period, as the

earliest of these petitions was not filed under the mailbox rule until March 4, 2006, well after the limitations period expired. (Lodged Doc. No. 12.) Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Once the statute has run, a collateral action cannot revive it. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

        9.       <u>Prior Federal Petition Did Not Toll</u>

Although Petitioner filed a prior petition in this Court challenging the same conviction and sentence (*see Miles v. Espinoza*, case number 1:05-CV-01327 LJO WMW HC), it does not extend the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-182 (2001).

E.    <u>Equitable Tolling</u>

The limitations may be equitably tolled if Petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner has not raised any basis for equitable tolling, and does not even address the statute of limitations issue in his opposition.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Respondent's motion to dismiss the instant petition as both successive and time-barred by the one-year statute of limitations is GRANTED;

2.    The instant petition is dismissed, with prejudice; and

3.    The Clerk of Court is directed to enter judgment.

IT IS SO ORDERED.

**Dated:   December 19, 2007**           /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE